## CITY OF HARTFORD *vs.* WEST MIDDLE DISTRICT.

Under the charter of the city of Hartford all land specially benefited by a city improvement is liable to be assessed for the expense of such improvement. Held that a piece of land owned by a school district, upon which its school-house stood, and which was used solely for school purposes, and of which no other use was contemplated in the future, was not so benefited that it could be assessed for the expense of a street laid out by the city near it.

To render an assessment of benefits legal, it must appear that the benefit is direct and immediate, not contingent and remote.

DEBT, to recover the amount of an assessment for the expense of the laying out of a city street, near to a school-house of the defendants, an incorporated school district of the town of Hartford. The action was brought to the Superior Court in the county of Hartford, and tried to the court before *Hovey, J.,* who made a finding of the facts and rendered judgment for the plaintiffs. The defendants brought the record before this court by a motion in error. The case is sufficiently stated in the opinion.

*G. G. Sill,* with whom was *E. Johnson,* for the plaintiffs in error.

*C. R. Chapman*, for the defendants in error.

GRANGER, J.  The principal question presented by this record is, whether a school district is liable to assessment for benefits to its property by the laying out of a street or highway.  If this question is determined, as we think it must be, in favor of the defendants in this case, a consideration of the other questions made becomes unnecessary.

The Superior Court finds that the "assessment was made upon the defendants, because they were the owners of property in said city, which in the opinion of the board of street commissioners was specially benefited by the laying out of said new highway or street.  Said property consisted of a lot of land, with a school-house thereon, which land the defendants purchased in 1872, as a site for said school-house, at a cost of $35,000, and took a deed thereof in their corporate name, and in 1873 erected said school-house, at an expense of $118,844.  The defendants used the whole of said land for school district purposes, and cannot maintain the public schools, which they are required by law to maintain, and provide them with sufficient and convenient accommodations without it.  The said school-house was designed, built and fitted up for school purposes only.  For those purposes exclusively it has been used ever since it was completed, and it is adapted to no other purpose or use.  Moreover it is centrally located and accommodates all the inhabitants of the district."

This was the condition and character of the property at the time the assessment was made, and at the time the street was laid out.  How could the defendants, as a school district, be benefited by the laying out of the street?  The assessment was undoubtedly made upon the idea that the intrinsic value of the property was increased, but, if that were so as a matter of fact, does it follow that it was increased in value as school district property, bought and used solely for school purposes, and did the district, or could it from the nature of things, derive any immediate, direct or special benefit from the laying out of the street?  We are unable to see how the district as

a corporation could be so benefited, or that their property was rendered any more valuable for the purpose for which they use it, and for which they must continue to use it, if not for all time, at least for a very long period.

To render the assessment of benefits legal and valid, it must appear that the benefit is direct and immediate, and not contingent and remote. *City of Bridgeport* v. *New York & New Haven Railroad Co.*, 36 Conn., 255; *New York & New Haven Railroad Co.* v. *City of New Haven*, 42 Conn., 279.

We think there is manifest error in the judgment of the Superior Court, and it must be reversed.

In this opinion the other judges concurred; except CARPENTER, J., who did not sit.