THE CITY OF BIG RAPIDS V. THE BOARD OF SUPERVISORS
OF MECOSTA COUNTY.

*Municipal corporations—Local improvements—Assessment of county
property.*

1. A county is one of the political subdivisions of the State; citing
   *Webster v. County of Hillsdale,* 99 Mich. 259.
2. The general tax law of 1891 exempted from taxation all public
   property belonging to the United States, to this State, or to
   any county, city, village, township, or school-district within
   this State, save lands purchased at tax sales and still held by
   the State.[1]
3. The rule that when the property of private corporations, such
   as churches, hospitals, and cemeteries, is exempted from taxa-
   tion in a general tax law, the exemption applies only to the
   taxes mentioned therein, and not to those of a private and
   local character, such as assessments for sewers, sidewalks, and
   the like, which are laid according to the benefits conferred,
   does not apply to public property owned and used by an entire
   county for public purposes, and whenever the taxing power
   seeks to impose a tax upon such property it must be able to
   point to legislative or constitutional authority; citing *Worcester
   Co. v. Worcester,* 116 Mass. 193; *City of Hartford v. West Mid-
   dle Dist.,* 45 Conn. 462.

Error to Mecosta.    (Palmer, J.)    Argued February 13,
1894.    Decided March 20, 1894.

Relator applied to the circuit court of Mecosta county
for *mandamus* to compel respondent to pay a certain sewer
tax assessed against the property of the county, and brings

[1] The tax law of 1893 exempts from taxation all public property
belonging to the United States; all public property belonging to
this State, except licensed homestead lands, part-paid lands held
under certificates, and lands purchased at tax sales, and still held
by the State; and lands owned by any county, township, city,
village, or school-district, and buildings thereon, used for public
purposes.

error to review the order denying the writ.[1]  .Affirmed.
The facts are stated in the opinion.

*Frank Dumon,* for relator and appellant.

*A. B. Cogger* (*M. Brown,* of counsel), for respondent.

GRANT, J.  The sole question presented by this record
is whether the city corporation of Big Rapids has power
to assess the public property of the county of Mecosta,
situated in the city of Big Rapids, consisting of the court-
house and the jail, and the land on which they are sit-
uated, for a local improvement.

The city charter provides that, whenever the common
council shall determine that the whole or any part of the
expense of any public improvement shall be defrayed by
an assessment upon the owners of houses and lands to be
benefited thereby, it shall ascertain, as it may deem
proper, the estimated expense of such improvement, and
shall declare whether the whole, or what portion thereof,
shall be assessed to the owners.[2]  The council constructed
a sewer, established an assessment district, in which the
property of the county was included, and made an assess-
ment upon it, which it now seeks to compel the respond-
ent, by a writ of *mandamus,* to pay.

Judge Dillon says:

"The sound principle is that property owned by a state,
or by the United States, or by a municipality for public
uses is not subject to be taxed unless so provided by pos-
itive legislation." Dill. Mun. Corp. § 773.

No express authority is conferred by statute.  The char-
ter provides for the designation of an assessment district,

[1] The order was made August 29, 1893, and a writ of error issued
September 5, 1893, and prior to the adoption of Supreme Court
Rule No. 65, which provides for the review of such an order by
*certiorari.*

[2] Local Acts of 1887, Act No. 353, § 41.

and for the making of a roll, in which shall be entered the names of the persons assessed, the value of the property, and the amount assessed to each, respectively. The general tax law of the State[1] exempts from taxation all public property belonging to the United States, to this State, or to any county, city, village, township, or school-district within this State, save lands purchased at tax sales and still held by the State. The Constitution of this State contains no provision upon the subject, and in this respect differs from the constitutions of some of the states whose decisions are cited by the counsel for the relator. Aside from express exemptions, there are also exemptions implied by law. Implied exemptions exist where property is owned and held by the state, its political subdivisions, and its municipalities for governmental purposes. Cooley, Tax'n (2d ed.), 172. A county is one of the political subdivisions of the State. *Webster v. County of Hillsdale, ante,* 259. It would seem to follow that only such burdens of taxation can be imposed upon its property as are expressly provided by law. Other property is also exempt from taxation, such as churches, hospitals, cemeteries, etc., but as to these there is no implied exemption; they are strictly the property of private corporations. It has therefore been repeatedly held that, when these are mentioned as exempt in a general tax law, the exemption applies only to the taxes mentioned in the general law, and not to those which are of a private and local character, such as assessments for sewers, sidewalks, and the like, which are made according to the benefits conferred. This is the well-established rule, to which it is unnecessary to cite authorities. But the principle does not apply to public property owned and used by an entire county for public

[1]Act No. 200, Laws of 1891, § 3, subd. 1, which was in force at the time the assessment in question was made.

99 MICH.— 23.

purposes only. Whenever the taxing power seeks to impose a tax upon such property, it must be able to point to legislative or constitutional authority. *Worcester Co. v. Worcester*, 116 Mass. 193; *City of Hartford v. West Middle Dist.*, 45 Conn. 462.

Furthermore, the only provision in the charter for the assessment and collection of such taxes is by the levy and sale of the land. It is conceded that the property of the county cannot be sold. It would seem a reasonable conclusion that, if the Legislature intended to authorize the taxation of the property of the county, some provision would have been made in the law for its payment. This is the reasoning of the court in *Worcester Co. v. Worcester*, *supra*, and also in *Polk County Sav. Bank v. Iowa*, 69 Iowa, 29.

The judgment is affirmed.

The other Justices concurred.