*In re* PETITION OF AUDITOR GENERAL.

AUDITOR GENERAL *v.* UNION BENEVOLENT ASS'N.

1. TAXATION—EXEMPTIONS—STATUTES STRICTLY CONSTRUED.
   Statutes exempting property from taxation are in deroga-
   tion of equal rights and must be strictly construed.

2. SAME—EXEMPTION APPLIES ONLY TO GENERAL TAXES.
   The exemption of real property from taxation under 1
   Comp. Laws 1915, § 4001, applies only to general taxes.

3. SAME—GENERAL AND SPECIAL TAXES DISTINGUISHED.
   General taxes are burdens imposed generally upon prop-
   erty owners for governmental purposes without regard to
   any special benefit which will inure to the taxpayer, while
   special taxes are sustained upon the theory that the value
   of the property in the special assessment district is en-
   hanced by the improvement for which the assessment is
   made.

4. SAME—SEWER TAX TO BE PAID BY MUNICIPALITY AS WHOLE
   GENERAL TAX.
   That part of the cost of a sewer levied for the benefit of
   the taxpayers of a municipality as a whole, *held,* to be a
   general tax.

5. SAME—EXEMPTIONS—HOSPITAL PROPERTY EXEMPT FROM GENERAL
   SEWER TAX.
   Where a village council by appropriate action under 1
   Comp. Laws 1915, § 2664, determined that 40 per cent.
   of the cost of a sewer should be borne by the property
   in a special assessment district, and the balance by the
   village at large, hospital property owned and occupied as
   such by a benevolent association organized under 3 Comp.
   Laws 1915, §§ 10900-10902, is exempt under 1 Comp. Laws
   1915, § 4001, from the tax levied upon the village at large,
   since the same is a general tax.

6. SAME—TAX MUST HAVE WARRANT OF LAW.
   When a tax is levied for any purpose, it must have ex-
   press warrant of law to authorize its imposition.

On liability to local assessments for benefits of property ex-
empt from general taxation, see notes in 35 L. R. A. 33; 18
L. R. A. (N. S.) 451; 32 L. R. A. (N. S.) 303; 44 L. R. A.
(N. S.) 57; L. R. A. 1916F, 864.
   On construction of exemption of religious body or society from
taxation or special assessment, see note in 17 A. L. R. 1027.

7. SAME—TAX NOT AUTHORIZED BY RESOLUTION INVALID.

A one-mill tax levied on the property of a village **and** placed in a column headed "water tax," *held*, invalid, where no resolution appears in the records and minutes of the council proceedings for said village authorizing or describing the purpose for which it was assessed.

Appeal from Kent; Dunham (Major L.), J.    Submitted January 9, 1924.    (Docket No. 29.)    Decided March 5, 1924.

Petition by Oramel B. Fuller, auditor general, against the Union Benevolent Association for the sale of land delinquent for taxes.    From a decree for plaintiff, defendant appeals.    Modified and affirmed.

*Cornelius Hoffius* (*Emil B. Gansser*, of counsel), for plaintiff.

*Philip H. Travis* (*Travis, Merrick, Warner & Johnson*, of counsel), for defendant.

SHARPE, J.    In 1915, the village of East Grand Rapids caused a sanitary sewer system and sewage disposal plant to be constructed at a cost of $50,000.    By appropriate action the council determined that 40 per cent. of the cost thereof should be borne by the property in a special assessment district and the balance by the village at large.

The Union Benevolent Association of Grand Rapids was organized under sections 10900-10902, 3 Comp. Laws 1915, as a benevolent and charitable association. In 1915, it began the erection of a hospital building on land owned by it in said village.    This land was included in the special assessment district and the tax levied therefor has been paid by it.    Its property, valued in that year at $250,000, was placed on the general assessment roll and its proportion of the 60 per cent. then levied in said village was assessed to and paid by it.    In 1916, the valuation was increased to $600,000, and a tax again spread for such purpose. This was not paid.    It was included in the auditor

general's petition for a decree for the sale of lands in the county for taxes delinquent for that year. The trial court granted a decree as prayed for over objection that it was not subject to such a tax, and the association appeals. Section 7 of the general tax law (1 Comp. Laws 1915, § 4001) provides:

"The following real property shall be exempt from taxation:    *    *    *

"*Fourth,* Such real estate as shall be owned and occupied by library, benevolent, charitable, educational and scientific institutions incorporated under the laws of this State, with the buildings and other property thereon while occupied by them solely for the purposes for which they were incorporated: *Provided,* That such exemption shall not apply to fraternal or secret societies, but all charitable homes of such societies shall be exempt."

It is conceded that the association is entitled to the benefit of this exemption and that it applies to all ordinary taxes levied in the village. It is insisted by the petitioner that the taxes here levied are not general taxes within the meaning of the exemption provision. He invokes the well established rule that statutes exempting property from taxation are in derogation of equal rights and must be strictly construed. *Detroit Young Men's Society* v. *Mayor, etc., of Detroit,* 3 Mich. 172; *St. Joseph's Church* v. *City of Detroit,* 189 Mich. 408; *McConnell* v. *Township of Lake,* 191 Mich. 544; *Woodmere Cemetery Ass'n* v. *City of Detroit,* 192 Mich. 553; *Tucker* v. *Ferguson,* 22 Wall. (89 U. S.) 527; *East Saginaw Manfg. Co.* v. *City of East Saginaw,* 19 Mich. 259 (2 Am. Rep. 82). It is well settled that there can be no implied exemption as to this class of property. *City of Big Rapids* v. *Board of Sup'rs of Mecosta Co.,* 99 Mich. 351. That the exemption applies only to general taxes admits of no doubt. *City of Big Rapids* v. *Board of Sup'rs of Mecosta Co., supra; Newberry* v. *City of Detroit,* 164 Mich. 410 (32 L. R. A. [N. S.] 303).

It seems clear to us that a tax levied for the benefit of the taxpayers of a municipality as a whole is a general tax.    It is spread upon the property assessed upon the general tax roll.    The provisions of the tax law relating to the making of assessments are indicative of the legislative intent.    Section 4004 provides that—

"An assessment of all the property in the State, *liable to taxation,* shall be made annually in the several townships, villages and cities thereof by the supervisors."    *    *    *

Section 4018 requires the supervisor on or before the first Monday in June to—

"make and complete an assessment roll, upon which he shall set down the name of *every person liable to be taxed* in his township or assessment district, with a full description of all the real property therein *liable to be taxed.*"    *    *    *

Section 4023 authorizes the board of review to add to the roll the names of persons and the descriptions and value of property *"liable to assessment"* omitted from the roll.    Under these provisions, the hospital property should not have been placed upon the roll, because it is not "liable to taxation" under the provision for its exemption.    And, unless so listed by the assessing officer and its valuation fixed by the board of review, there was no basis on which to spread a tax levied on all the property of the village.

There is a clear distinction between what are termed general taxes and special assessments.    The former are burdens imposed generally upon property owners for governmental purposes without regard to any special benefit which will inure to the taxpayer.    The latter are sustained upon the theory that the value of the property in the special assessment district is enhanced by the improvement for which the assessment is made.    A full discussion of the subject will be found in Cooley on Taxation (2d Ed.), p. 650; 37 Cyc.

p. 894; 26 R. C. L. p. 38; and in the following cases and those cited therein; *Lefevre* v. *Mayor, etc., of Detroit*, 2 Mich. 586; *Sisters of Charity* v. *City of Detroit*, 9 Mich. 94; *Lake Shore, etc., R. Co.* v. *City of Grand Rapids*, 102 Mich. 374 (29 L. R. A. 195); *City of Big Rapids* v. *Board of Sup'rs of Mecosta Co., supra; Newberry* v. *City of Detroit, supra; Illinois Cent. R. Co.* v. *Decatur*, 147 U. S. 190 (13 Sup. Ct. 293); *Roosevelt Hospital* v. *Mayor, etc., of New York*, 84 N. Y. 108; *German Lutheran Church Society* v. *City of Mt. Clemens*, 179 Mich. 35.

Section 2663, 1 Comp. Laws 1915, authorizes village councils to establish, construct and maintain sewers. Section 2664 provides that the expense thereof *"may be paid by general tax upon all the taxable property in the village,"* or by special assessment upon the property benefited in proportion to the benefits resulting thereto, or a part may be defrayed by special assessment and "the remainder may be paid by general tax." The object to be attained may be the benefit of particular properties or the welfare of the village as a whole. The council here determined that 60 per cent. of the cost should be paid by a general tax. As to this percentage, the property of the association receives no benefit not enjoyed by all the property in the village. The legislature in its wisdom having exempted it from general taxation, the tax levied upon it cannot be sustained.

It also appears from the agreed statement of facts that—

"There was also levied against said association's said property, and all other property in the village, in said roll for 1916 a tax of one (1) mill, which amounted to the sum of $600, and was placed in a separate column headed 'Water Tax.'    *    *    *

"No resolution appears in the records and minutes of the council proceedings for the village of East Grand Rapids authorizing or describing the purpose for which this one mill water tax was assessed."

It is elementary that—

"When a tax is levied for any purpose, it must have express warrant of law to authorize its imposition." *Ryerson* v. *Township of Laketon,* 52 Mich. 509, 517.

This tax was clearly invalid.

The decree will be modified by eliminating therefrom the tax levied against the hospital property, and, as thus modified, affirmed.   Appellant is entitled to costs in this court.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.