Prompted by an abundant spirit of public charity, the late Elizabeth Colt, through the terms of her last will and testament, devised to the City of Hartford a very considerable tract of land, which, through development and improvement, has been converted into a spacious municipal park, housing modern recreational facilities. The land thus devised is "to be held forever for park purposes only." Approximately 1,000 feet of this land, located at the so-called rear of Colt's Park, is bounded on the south by Curcombe Street and, in the broad sense, may be said to be the basis of this present controversy.
The material facts may be thus summarized:
1. The petitioner, a practicing attorney of Hartford County, on September 7, 1940, purchased an unimproved parcel of land bounded on the north by Curcombe Street with a frontage of 250 feet thereon, and bounded on the east by Hendricxsen Avenue with a frontage of 490 feet thereon.
2. Thereafter and prior to August 4, 1942, members of the bureau of public works of the Metropolitan District determined favorably the advisability and necessity of installing a sanitary sewer in a portion of Curcombe Street.
3. The sewer as proposed and as subsequently constructed extends through that portion of Curcombe Street whereon front both the petitioner's tract and a portion of the 1,000 feet of land devised to the City of Hartford by Elizabeth Colt.
4. Curcombe Street runs in a general easterly and westerly direction.
5. By virtue of the terms of the Metropolitan District charter, assessments were levied, for the estimated cost of this sanitary sewer, upon such persons and property as were deemed to have been specially benefited by its installation.
6. The estimated cost of the proposed sewer totaled 85,342. 62, of which amount the petitioner was assessed $1,187.50 by way of estimated benefits accruing to him and his property through completion of the project on Curcombe Street, together with a further assessment of $1,605.62, in the nature of outlet or indirect benefits, by reason of the frontage of 490 feet on the easterly side of Hendricxsen Avenue.
7. No assessment was levied against the City of Hartford as the owner of land fronting on Curcombe Street, which land, *Page 7 
as has been previously indicated, came to the City of Hartford for park purposes from the estate of Elizabeth Colt.
8. The petitioner, acting seasonably, has appealed the assessments levied against him and his property, claiming that an inequity has been worked by reason of a failure and neglect to assess the City of Hartford the benefits it "may derive as the result of the layout of the aforementioned sewer." Further, the petitioner claims to be aggrieved by reason of the outlet benefit assessment, contending that the portion of his property fronting on Hendricxsen Avenue will not in fact be benefited by the construction of the sanitary sewer.
"A municipality desiring to make a public improvement .... can no doubt pay for it from its general funds resulting from taxes levied in the usual way or it can impose some or all of the expense upon property owners who will be specially benefited by the improvement, but if the latter method is followed,the essential basis is the fact that actual benefits have accruedto the property by reason of the improvement." ConnecticutRy. Lighting Co. vs. Waterbury, 127 Conn. 617, 618. (Italics added.)
No one can or does question the statutory power of the Metropolitan District to sponsor and complete public improvements and assess property owners specially benefited thereby. Having elected to follow this course in connection with the installation of the Curcombe Street sanitary sewer as against completing the project with general tax funds, the assessment of benefits must be tested by the following criteria: Do the benefits received exceed the benefits assessed? Davis HoldingCorp. vs. Wilcox, 112 Conn. 543, 549.
Are the benefits assessed special to the complaining property owner, as distinguished from general benefits to the public?Appeal of Cohen, 117 Conn. 75.
No sanitary facilities were available to the petitioner's property prior to the construction of the Curcombe Street sewer. His unimproved land, constituting as it does a choice corner location with frontage on three streets, situated in a light industrial zone, and containing approximately 122,500 square feet, was thus unsuited to general industrial purposes by reason of the lack of adequate sewage facilities. The City of Hartford has decreed, by action of its Court of Common Council, that no building unconnected with a public sewer *Page 8 
shall be used for human occupancy unless a special permit shall have been granted by the Board of Health Commissioners. Therefore, until the installation of the Curcombe Street sewer, the petitioner, without benefit of a special health permit, would have been precluded from utilizing his property for its highest and best use; namely, industrial development. As matters now stand he may go forward with the sale or development of this asset, confident that proper and essential sewage facilities are at hand. This benefit standing alone is not only real but immediate, valuable and special.
The true and actual value of the petitioner's property, by reason of the installation of the sewer, has been increased to an amount ranging between $2,450 and $3,062. These figures have been drawn from the testimony of competent and qualified experts. Thus, while the petitioner has been assessed total benefits of $2,793.12, in fact, the actual benefits to him are far in excess of this levy.
The fundamental principle upon which such assessments are made and justified is that the owner of the property is "assumed to be benefited by the improvement to the extent of the assessment; and it is imposed and collected as an equivalent
for that benefit, and to pay for the improvement." Bridgeportvs. New York New Haven R. R. Co., 36 Conn. 255,263. The value of the petitioner's property has been increased beyond the extent of the benefits assessed against it. The benefits conferred are full compensation for the expense imposed on the petitioner; he suffers no pecuniary loss. Whitmorevs. Hartford, 96 Conn. 511, 519.
The petitioner's particular grievance flows from a failure to assess benefits against the City of Hartford by reason of its ownership of the Colt's Park property fronting on Curcombe Street. To be sure there has been a failure to assess benefits against the City of Hartford for the very fundamental reason that no demonstrable benefit has accrued to the municipality was not an arbitrary nor a capricious nor a negligent failure; was not an arbitrary nor a capricious nor a negligent failure; rather, it followed a studied consideration of the matter by qualified engineers, who, in the exercise of a sound professional judgment, concluded that no benefits flowed to the municipality. Hence, it was not taxed. *Page 9 
A sound basis for this conclusion is readily discernible. The Curcombe Street sewer was designed solely to carry off sanitary and household waste material; it is not equipped to accept surface drainage. Since the park property of the City of Hartford, fronting on Curcombe Street, must be used exclusively and in perpetuity for park purposes, and since Colt's Park, generally speaking, is adequately supplied with sewage facilities to catch sanitary and household waste material, there is little reason to believe it will ever become necessary to connect any part of the park property with the Curcombe Street sewer. Therefore, it can not be said with any conviction that the park property has been specially benefited by the project.
To this persuasive analysis and finding by experts, the petitioner counters with a hypothetical claim that at some distant and remote time the City of Hartford, in the proper care and maintenance of its park system, may be called upon to connect with the Curcombe Street outlet and thereby secure a benefit for which it has not been taxed. Obviously the future lies unrolled and its events can not be measured with mathematical certainty. The probabilities of the situation, however, definitely incline against the petitioner's fear that on some uncertain visionary tomorrow, the City of Hartford will gain an advantage for which it has not paid. His claim is unavailing since the municipality could be assessed only upon a showing of a direct and immediate benefit as against one apparently grounded in speculation and remoteness. City of Hartfordvs. West Middle District, 45 Conn. 462; Delaney vs. Hartford,125 id. 587, 589.
 Judgment may enter for the respondent and costs may be taxed in its favor.