JACKSON v SECRETARY OF STATE

Docket No. 48313. Submitted December 15, 1980, at Detroit.—Decided April 8, 1981. Leave to appeal applied for.

Sidney E. Jackson, while operating his motorcycle, was involved in an automobile accident with a car driven by Robert Green. Jackson, through his attorney, claimed no-fault benefits from the insurance company identified as Green's insurer by the police report and confirmed by the Secretary of State's Commerical Look-Up Unit. The insurer denied having issued a policy to Green. Jackson thereupon filed an application for no-fault benefits through the assigned claims plan. The claim was denied by the assigned claims office. Jackson brought suit in Wayne Circuit Court seeking a judgment in excess of $10,000 for the claimed failure of defendant to accept his claim and assign it to an insurer or, in the alternative, an order compelling defendant to process his claim and assign it to an insurer. Plaintiff moved for declaratory relief. The trial court held that the defense of the statute of limitations is not one for assertion by the Secretary of State but only by the insurer to whom the claim is assigned and directed defendant to assign plaintiff's claim forthwith, William J. Giovan, J. Defendant appeals. The issue on appeal is whether the Secretary of State, in his capacity as administrator of the assigned claims plan established under the no-fault act, is invested with the authority to promulgate a rule which empowers himself to determine the eligibility of claimants for basic personal protection reparation benefits under the assigned claims plan and to summarily deny obviously ineligible claims. *Held:*

An administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Administrative Law §§ 93, 94.

2 Am Jur 2d, Administrative Law §§ 300, 301.

[3] 7 Am Jur 2d (Rev), Automobile Insurance § 340.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

[4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 23, 344.

[5] 7A Am Jur 2d, Automobile Insurance § 461.

the powers given it by the statute conferring the power to make rules. The enabling statute gives the Secretary of State the power to legislate in the assigned claims area with respect to insurers, not claimants, and the power so granted was intended to be used to establish an assigned claims plan and to develop rules to insure participation of all no-fault insurers and self-insurers in the assigned claims plan so established in an orderly and equitable manner and to expedite assignment of *all claims* against the plan to those insurers. Defendant has exceeded the scope of the powers granted to him and has given himself a power different in character from that delegated to him by the Legislature by taking a grant of legislative power and using it to give himself judicial power.

Affirmed.

1. ADMINISTRATIVE LAW — AGENCIES — ADMINISTRATIVE RULES.

The validity of rules promulgated by an agency empowered to make rules is determined by application of a three-part test: 1) whether the rule is within the matter covered by the statute enabling the agency to make rules; 2) if so, whether the rule complies with the underlying legislative intent; and 3) if it meets the first two requirements, whether it is neither arbitrary nor capricious.

2. ADMINISTRATIVE LAW — AGENCIES — RULE-MAKING AUTHORITY.

An administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given it by the statute conferring the power to make rules.

3. INSURANCE — NO-FAULT INSURANCE — ASSIGNED CLAIMS — SECRETARY OF STATE — STATUTES.

The no-fault insurance act grants the Secretary of State the power to legislate in the assigned claims area with respect to insurers, not claimants, and the power so granted is intended to be used to establish an assigned claims plan and to develop rules to insure participation of all no-fault insurers and self-insurers in the assigned claims plan so established in an orderly and equitable manner and to expedite assignment of all claims against the plan to those insurers; the Secretary of State does not have the power to evaluate and summarily deny claims (MCL 500.3171; MSA 24.13171).

4. INSURANCE — NO-FAULT INSURANCE.

The general objective of the no-fault insurance act is to provide prompt monetary relief for losses suffered in vehicular acci-

dents and this should be done at the lowest cost to the system and the individual.

5. INSURANCE — NO-FAULT INSURANCE — DEFENSES — STATUTE OF LIMITATIONS — STATUTES.

The defense of the statute of limitations or any other defense relating to the eligibility of a claim under the assigned claims provision of the no-fault insurance act is one for assertion by the insurer to whom the claim is assigned, not by the Secretary of State acting in his capacity as administrator of the assigned claims plan (MCL 500.3171; MSA 24.13171).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *David K. Barnes, Jr.*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Warren R. Snyder,* Assistants Attorney General, for defendant.

Before: CYNAR, P.J., and BASHARA and BEASLEY, JJ.

CYNAR, P.J. Defendant appeals as of right an order for declaratory relief entered in Wayne County Circuit Court on October 30, 1979.

On April 30, 1975, plaintiff, while operating his motorcycle, was involved in an automobile accident with a car driven by Robert Green. Plaintiff retained counsel in February of 1976. Plaintiff did not have, nor was he required to have, motor vehicle insurance providing no-fault protection. Therefore, pursuant to MCL 500.3115; MSA 24.13115, his no-fault benefits were payable by the insurer of Mr. Green's vehicle. Plaintiff's counsel obtained a police report which identified Mr. Green's carrier as American Fidelity Fire Insurance Company. Counsel received confirmation of this on March 12, 1976, from the Secretary of State's Commercial Look-Up Unit.

On March 17, 1976, plaintiff's counsel sent a letter to American Fidelity claiming no-fault benefits. No benefits were paid and, on February 4, 1977, suit was filed against American Fidelity in Wayne County Circuit Court. On April 6, 1977, American Fidelity advised counsel for plaintiff, by letter, that it was unable, after an extensive search, to locate any policy issued to Robert Green. In this letter American Fidelity expressed its belief that the claim was erroneously forwarded to their company.

On October 25, 1977, plaintiff filed an application for no-fault benefits through the assigned claims plan. His claim was denied by the assigned claims office on November 2, 1977. On December 19, 1977, the instant suit was brought in Wayne County Circuit Court seeking a judgment in excess of $10,000 for the claimed failure of defendant to accept plaintiff's claim and to assign it to an insurer. In the alternative, plaintiff sought an order compelling defendant to process his claim and to assign it to an insurer.

Plaintiff moved for declaratory relief on June 8, 1979. The motion was heard and briefs were filed. An opinion thereon was issued October 15, 1979. The trial judge held that the limitation period for notifying the assigned claims facility is not necessarily one calendar year from the date of the accident. He then concluded that the true limitations period can only be determined from the facts of the case and, as a result, the defense of the statute of limitations is not one for assertion by the Secretary of State, but only by the insurer to whom the claim is assigned. The trial court directed defendant to assign the plaintiff's claim forthwith in accordance with MCL 500.3172; MSA 24.13172.

The primary question for review is whether the Secretary of State, in his capacity as administrator of the assigned claims plan established under the no-fault act,[1] is invested with the authority, pursuant to the rule-making power granted to him by § 3171 of the no-fault act, to promulgate a rule which empowers the Secretary of State to determine in the first instance the eligibility of claimants for basic personal protection reparation benefits under the assigned claims plan and to deny summarily obviously ineligible claims.

Defendant argues that not only the power to promulgate this rule but also its necessary concomitant, the power to render quasi-judicial decisions on the merits of claims under the rule, flows directly from the rule-making authority granted in § 3171.

Plaintiff conversely argues that defendant's function in this regard can be merely ministerial, *i.e.*, he is limited to assigning claims to private insurers pursuant to the assigned claims plan organized and maintained by defendant.

Plaintiff contends that the authority to evaluate and deny claims reposes in the private insurers to which claims are assigned and that the Secretary of State exceeded his authority in promulgating the rule now in dispute.

The specific statute from which the Secretary of State derives his rule-making authority in this area is MCL 500.3171; MSA 24.13171, which provides:

"Sec. 3171. The secretary of state shall organize and maintain an assigned claims facility and plan. A self-insurer and insurer writing insurance as provided by

[1] See MCL 500.3171; MSA 24.13171 through MCL 500.3177; MSA 24.13177.

this chapter in this state shall participate in the assigned claims plan. Costs incurred in the operation of the facility and the plan shall be allocated fairly among insurers and self-insurers. The secretary of state shall promulgate rules to implement the facility and plan in accordance with and subject to Act No. 306 of the Public Acts of 1969, as amended, being §§ 24.201 to 24.315 of the Compiled Laws of 1948."

The rule which is the focal point of the present controversy is 1979 AACS R 11.108, which states:

"Rule 8. (1) Upon receipt of an application for basic personal protection reparation benefits, the assigned claims facility shall make an initial determination of the claimant's eligibility for benefits.

"(2) An obviously ineligible claim received by the assigned claims facility shall be denied summarily. The claimant shall be notified promptly in writing of the denial and the reasons therefor.

"(3) An eligible claim shall be assigned promptly by the assigned claims facility to a servicing insurer. The facility shall notify the claimant of the identity and address of the servicing insurer to which the claim is assigned.

"(4) In assigning claims, the assigned claims facility shall consider the resources of the servicing insurer relative to the claim and the convenience for the claimant."

Section 3171 does not expressly grant *or* deny defendant the authority to evaluate and deny a claim. In fact, the statute says very little about the assigned claims facility's manner of operation. Instead, it empowers the Secretary of State to promulgate rules to implement the facility and plan.

Simply put, we must decide whether rule 8 is valid. *Chesapeake & O R Co v Public Service Comm,* 59 Mich App 88, 98-99; 228 NW2d 843

(1975), *lv den* 394 Mich 818 (1975), states the applicable test:

"Where an agency is empowered to make rules, courts employ a three-fold test to determine the validity of the rules it promulgates: (1) whether the rule is within the matter covered by the enabling statute; (2) if so, whether it complies with the underlying legislative intent; and (3) if it meets the first two requirements, when *[sic]* it is neither arbitrary nor capricious. Because the conflict here is over the construction of the enabling statute itself, the question of legislative intent must be intertwined with the question of whether the enabling statute covers the rule."

Accord, *Thomas Bros, Inc v Secretary of State*, 90 Mich App 179, 186; 282 NW2d 273 (1979), *lv den* 407 Mich 886 (1979).

In this case, the defendant has been delegated the authority to organize and maintain an assigned claims facility and plan and to promulgate rules to implement the facility and plan. This is essentially a delegation of legislative power. See generally, *Coffman v State Board of Examiners in Optometry*, 331 Mich 582; 50 NW2d 322 (1951). In exercising these powers, the defendant has granted unto himself, by promulgating rule 8, the power to adjudicate, at least in part, claims against the assigned claims facility. Nowhere in § 3171 or elsewhere in the no-fault act has there been an express delegation of judicial powers by the Legislature to the defendant.

Although it was stated in *Coffman, supra,* 590, that:

" '* * * Implication of necessary powers may be especially appropriate in the field of internal administration. However, powers should not be extended by impli-

cation beyond what may be necessary for their just and reasonable execution.' "

The Court also cautioned that:

" ' "It is true that an administrative agency may not, under the guise of its rule-making power, abridge or enlarge its authority or exceed the powers given to it by the statute, the source of its power. * * *" ' " *Id.,* 589.

In this case, under the guise of his rule-making power, defendant has enlarged his authority in the area of the assigned claims facility and plan. Defendant has exceeded the scope of the powers granted him and has given himself a power different in character from that delegated to him by the Legislature by taking a grant of legislative power and using it to give himself judicial power.

This power is not, in our opinion, one necessarily implied from the original grant nor reasonably required for the execution of the powers expressly delegated. A fair reading of § 3171 indicates to us that the defendant was given the power to legislate in the assigned claims area with respect to insurers, not claimants, and the power so granted was intended to be used to establish an assigned claims plan and to develop rules to insure participation of all no-fault insurers and self-insurers in the assigned claims plan so established in an orderly and equitable manner and to expedite assignment of *all claims* against the plan to those insurers. We do not perceive the grant of power to reach so far as to embrace rule 8 promulgated by defendant. To conclude otherwise would run contrary to the objectives for which the no-fault act was passed, *i.e.,* to provide prompt monetary relief for losses suffered in vehicular accidents at the lowest cost to the system and the individual. *Dol-*

*son v Secretary of State,* 83 Mich App 596, 599; 269 NW2d 239 (1978). Unnecessary circuity of actions would result if we were to conclude that the defendant possesses the judicial power he claims. If a claimant were to be declared by defendant to have an "obviously ineligible" claim and that decision subsequently were to be reversed on appeal to the courts, the claimant would merely gain the right to have that claim assigned to an insurer, which insurer could then, in turn, engage in protracted litigation over the merits of that claim. This is incompatible with the objectives of the no-fault act.

Therefore, even if rule 8 is within the matter covered by the enabling statute, § 3171, and we cannot say conclusively that it is, we do not find it in compliance with the underlying legislative intent. The Secretary of State is empowered to make rules concerning the maintenance of the assigned claims plan. The Secretary of State is directed to promptly assign claims. None of these duties require the Secretary of State to evaluate claims. The defense of the statute of limitations or any other defense relating to the eligibility of a claim is one for assertion by the insurer to whom the claim is assigned, not by the defendant Secretary of State.

The decision of the trial court is affirmed. No costs, a question of statutory interpretation being involved.