POLING v SECRETARY OF STATE

Docket No. 79903. Submitted February 6, 1985, at Lansing.—Decided April 15, 1985.

Plaintiff, Alfred R. Poling, applied for benefits through the Michigan Department of State Assigned Claims Facility alleging that he was injured as the result of the use, operation, maintenance, or ownership of a motor vehicle and that neither he nor the vehicle were covered by an insurance policy. The claim was denied and plaintiff thereafter brought an action for damages against the Secretary of State and the Assigned Claims Facility. The Ingham Circuit Court, Carolyn Stell, J., entered a default judgment in favor of plaintiff over objections filed by the Secretary of State, and denied a motion for rehearing or relief from judgment. The Secretary of State appealed, alleging that the Court of Claims had exclusive jurisdiction over the plaintiff's claim and that, alternatively, the circuit court erred in refusing to set aside the default judgment. *Held:*

1. The Court of Claims Act grants exclusive jurisdiction to the Court of Claims over all claims against the state or its departments. An exclusion exists, however, for actions based upon a statute that expressly confers jurisdiction upon the circuit courts. The Assigned Claims Facility, when it assigns a claim to itself as was done in this case, is in the position of an insurer. The no-fault act provides for any interested person to submit a controversy with an insurer over benefits to apply to the circuit court for relief. Further, requiring the plaintiff to sue in the Court of Claims to determine whether the Secretary of State improperly refused or failed to assign his claim and then, upon an assignment's being made, to sue in circuit court for any ensuing dispute with the insurer, does not comport with the purpose of the no-fault act.

2. Defendant's claimed "inadvertent misfiling" does not con-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 306 *et seq.*

[2] 7 Am Jur 2d, Automobile Insurance § 340 *et seq.*

[3] 20 Am Jur 2d, Courts § 87 *et seq.*

[4] 46 Am Jur 2d, Judgments §§ 708, 739-741.

[5] 46 Am Jur 2d, Judgments § 718.

stitute good cause for setting aside the default judgment. Furthermore, the affidavit in support of the motion for rehearing or relief from judgment was not sufficient. It recited no facts showing a meritorious defense or manifest injustice.

Affirmed.

1. COURTS — JURISDICTION — COURT OF CLAIMS.

The determination of whether a claim brought pursuant to a statute is one within the exclusive jurisdiction of the Court of Claims requires an inquiry into the legislative intent embodied in the statute involved.

2. COURTS — JURISDICTION — COURT OF CLAIMS — ASSIGNED CLAIMS FACILITY — SECRETARY OF STATE — CIRCUIT COURTS.

An action brought by a claimant against the Assigned Claims Facility of the Michigan Department of State, seeking benefits under the no-fault act where no policy of no-fault insurance is available to the claimant, falls within an exception to the grant of exclusive jurisdiction in the Court of Claims over claims against the state, even where the Assigned Claims Facility assigns the claim to itself; the no-fault act confers jurisdiction of such claims upon the circuit courts (MCL 500.3112, 600.6419[4]; MSA 24.13112, 27A.6419[4]).

3. COURTS — JURISDICTION — CIRCUIT COURTS.

A circuit court has original jurisdiction over all matters unless prohibited by law, with divestiture of such jurisdiction being accomplished only under clear mandate of the law.

4. JUDGMENTS — DEFAULT JUDGMENT — SETTING ASIDE DEFAULT — COURT RULES.

A default or default judgment may be set aside upon a showing of good cause and the filing of an affidavit of facts presenting a meritorious defense; good cause may be established by a substantial defect in the proceedings, a reasonable excuse for failure to reply, or some other reason showing that a manifest injustice will result if the default is not set aside (GCR 1963, 520.4).

5. JUDGMENTS — DEFAULT JUDGMENT — SETTING ASIDE DEFAULT.

Neglect or omission does not provide adequate grounds for setting aside a default judgment.

*Sloan, Benefiel, Farrer & Newton* (by *Gary C. Newton),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Harry G. Iwasko, Jr.,* and *Warren R. Snyder,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and T. M. BURNS and BEASLEY, JJ.

DANHOF, C.J. Defendant, the Secretary of State, appeals as a matter of right from a lower court order denying his motion to set aside a default judgment. We affirm.

Plaintiff, a resident of Indiana, filed suit in Ingham County Circuit Court and alleged that he was injured as a result of the use, operation, maintenance, or ownership of a motor vehicle. He claimed that, since neither he nor the vehicle involved in the accident had a policy of no-fault insurance, no-fault benefits were due and owing him through the Assigned Claims Facility.[1]

Plaintiff alleged that he applied for benefits through the plan, but that the claim was denied since "no motor vehicle [was] involved". The complaint sought a money judgment against defendant, together with 12% interest, costs, attorney fees, and other statutory interest. Service was made on defendant on May 2, 1983, shortly after the case was filed. Defendant failed to respond and, on or about July 22, 1983, a default was entered. On February 21, 1984, plaintiff moved for a default judgment. Objections were filed by defendant on February 29, 1984, contending that the

[1] Pursuant to MCL 500.3171 *et seq.;* MSA 24.13171 *et seq.,* the Secretary of State is mandated to organize and maintain an Assigned Claims Facility and plan, subject to certain restrictions, for the benefit of persons injured as a result of accidental bodily injury arising out of the use, ownership, operation and maintenance of a motor vehicle as a motor vehicle in this state. A person is entitled to make claim against the fund essentially where no personal protection insurance applies to the injury. See § 3172.

circuit court lacked jurisdiction to grant a money judgment and that its failure to respond was due to excusable neglect.

At the hearing on the motion for default judgment, the trial court rejected defendant's objections and proceeded to hear testimony on the amount of damages. Default judgment was entered and plaintiff was awared approximately $65,000 in damages, with defendant being held responsible for future benefits.

Defendant moved for rehearing or relief from judgment. This motion was denied. From this denial, defendant appeals, arguing that the Court of Claims has exclusive jurisdiction over such claims for money damages and that, alternatively, the lower court abused its discretion in refusing to set aside the default judgment.

Section 6419 of the Court of Claims Act, MCL 600.6419(1); MSA 27A.6419(1), provides in part that "the jurisdiction of the court of claims * * * over claims and demands against the state or any of its departments, commissions, boards, institutions, arms or agencies, shall be exclusive". Section 6419(1)(a) further provides that the Court of Claims has jurisdiction to entertain "all claims and demands, liquidated and unliquidated, ex contractu and ex delicto, against the state" and any of the above-named divisions thereof. However, § 6419(4) excepts from the jurisdiction of the Court of Claims those actions based upon a statute that "expressly confer[s] jurisdiction thereof upon the circuit courts". At issue here is whether the instant case involves a claim against the state or is excepted from the Court of Claims Act by virtue of § 6419(4).

In *Burnett v Moore,* 111 Mich App 646, 649; 314 NW2d 458 (1981), in addressing whether the position of State Police Trooper was a "state office" for

purposes of the Court of Claims Act, this Court noted that such determination necessarily involves inquiry into the legislative intent embodied in the particular statute which created the position. We adopt this as our starting point and turn to the nature of the no-fault act in order to determine the intent of the Legislature with respect to claims against the Secretary of State.

This Court's decision in *Jackson v Secretary of State,* 105 Mich App 132; 306 NW2d 422 (1981), *lv den* 412 Mich 882 (1981), is instructive. In holding that the Secretary of State did not have authority to make an initial determination as to the eligibility of claimants, it was stated:

"To conclude otherwise would run contrary to the objectives for which the no-fault act was passed, *i.e.,* to provide prompt monetary relief for losses suffered in vehicular accidents at the lowest cost to the system and the individual. *Dolson v Secretary of State,* 83 Mich App 596, 599; 269 NW2d 239 (1978). Unnecessary circuity of actions would result if we were to conclude that the defendant possesses the judicial power he claims. If a claimant were to be declared by defendant to have an 'obviously ineligible' claim and that decision subsequently were to be reversed on appeal to the courts, the claimant would merely gain the right to have that claim assigned to an insurer, which insurer could then, in turn, engage in protracted litigation over the merits of that claim. This is incompatible with the objectives of the no-fault act." 105 Mich App 139-140.

The same holds true in determining the legislative intent with respect to the jurisdiction of the Court of Claims. We do not believe that the Legislature intended that a claimant sue in the Court of Claims to determine whether defendant improperly refused (or failed) to assign his claim and, then, upon a proper assignment, institute an action in circuit court for any ensuing dispute between

the claimant and the insurer to which the claim is ultimately assigned.

Similarly, where, as here, defendant assigns the claim to himself pursuant to § 3172, and a dispute subsequently arises, a "jurisdictional dilemma" may still present itself if the Court of Claims is deemed to have jurisdiction. For example, MCL 500.3112; MSA 24.13112 provides that, for any dispute regarding entitlement to or apportionment of survivors' benefits, *any* interested person "may apply to the circuit court for an appropriate order". No exception is carved for assignments to the facility. Should such a dispute arise under circumstances similar to those prevailing here, a clearly "[u]nnecessary circuity of actions would result", contrary to the essence of the no-fault act, were we to hold that a suit arising from the initial dispute with the Secretary of State must be brought in the Court of Claims. Because § 3172 clearly contemplated the facility's participation in the system in much the same manner as a private insurer, without making further distinction between the two and with a likelihood that the facility would become involved in a § 3112-like dispute, we believe the nature of the no-fault act belies defendant's contention in this regard. In this connection, § 3112 may be said to fall within the exception of § 6419(4) of the Court of Claims Act, since it confers jurisdiction upon the circuit courts.

This is consistent with general "jurisdictional" principles. The Court of Claims is a legislative court, not a constitutional court. *Littsey v Bd of Governors of Wayne State University,* 108 Mich App 406, 412; 310 NW2d 399 (1981), *lv den* 413 Mich 882 (1982). A circuit court has original jurisdiction over all matters unless prohibited by law, with divestiture of such jurisdiction being accomplished only "under clear mandate of the law".

*Wikman v City of Novi,* 413 Mich 617, 645; 322 NW2d 103 (1982). Accord, *Samuel v Dep't of Mental Health,* 140 Mich App 101; 364 NW2d 294 (1985). Based on the foregoing, including the overall purpose of the no-fault act, we cannot say that, by clear mandate of law, jurisdiction over the instant matter has been reposed in the Court of Claims.

Defendant's second claim of error is that the lower court improperly refused to set aside the default judgment. A default or default judgment may be set aside for "good cause" shown and upon the filing of an affidavit of facts presenting a meritorious defense. GCR 1963, 520.4. Good cause may be established by a substantial defect in the proceedings, a reasonable excuse for failure to reply, or some other reason showing that a manifest injustice will result. *Daugherty v Michigan (After Remand),* 133 Mich App 593, 597-598; 350 NW2d 291 (1984). Defendant does not assert "good cause" as a result of a substantial defect or irregularity in the proceedings.

We observe initially that this lawsuit was precipitated by defendant's determination that plaintiff was not entitled to no-fault benefits. Because defendant is considered an "insurer" once he has assigned a claim to himself, 1979 AC, R 11.101(e), such determination was within his authority. *Cf., Jackson, supra.* However, as with any other insurer, an aggrieved claimant may bring an action against defendant challenging the merits of that determination. On May 10, 1983, defendant acknowledged receipt as of May 2, 1983, of plaintiff's summons and complaint. That the complaint was thereafter misfiled within the department does not constitute a reasonable excuse. Neglect or omission does not provide adequate grounds for setting aside a default judgment. *First Bank of Cadillac v*

*Benson,* 81 Mich App 550, 555; 265 NW2d 413 (1978). Nor do we think that an "inadvertent misfiling" constitutes good cause.

Defendant cites *Tozer v Charles A Krause Milling Co,* 189 F2d 242, 245 (CA 3, 1951), involving FRP 60(b), for the proposition that "inexcusable neglect can hardly be determined in a vacuum" and that cases involving large sums of money should not be determined by default. We agree that inexcusable neglect should not be determined in a vacuum; however, this is precisely why we believe that the nature of the underlying action, *viz.:* that the no-fault act, in general, and defendant's responsibilities regarding the Assigned Claims Facility, in particular, are aimed at facilitating the prompt settlement of claims, militates against defendant's position.

Moreover, defendant relies upon *Daugherty, supra,* in support of his position that a meritorious defense exists and that a manifest injustice will result if the default judgment is not set aside. In *Daugherty, supra,* pp 598-599, this Court held that:

"Review of the pleadings and affidavits indicates that defendants will suffer manifest injustice if the default is not set aside. First, defendants have established the existence of a meritorious defense and raised serious questions of fact that should be determined in a trial on the merits. Although the trial court ignored defendants' denial that the bridge constituted an intentional nuisance in fact, defendants did provide sufficient assertions of fact in the affidavits attached to their third motion to set aside the default."

Here, no facts were recited in the affidavit in support of defendant's objections to plaintiff's motion for default judgment. The affiant attested that he "verily believes that legal and factual questions exist *which may or may not contain* a meritorious

claim on behalf of plaintiff or meritorious defenses on behalf of defendant". Similarly, the affidavit in support of defendant's motion for rehearing or for relief from judgment only recited facts relating to the misfiling of plaintiff's complaint. This is in direct contrast to *Daugherty, supra,* where the affidavit attested to facts supporting a meritorious defense and a claim that manifest injustice would result. The affidavits here are insufficient; that is, they recite no facts which would permit us to hold that the lower court abused its discretion. Without an affidavit of facts showing a meritorious defense or manifest injustice, the record before us is insufficient to reverse the lower court. Defendant's unattested assertions in his brief regarding plaintiff's ineligibility for benefits does not constitute an "affidavit of facts showing a meritorious defense".

The lower court's judgment against defendant Secretary of State is affirmed.